Honorable Judge Robert S. Lasnik

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| Zambezia Film (Pty) LLC,<br>                Plaintiff,<br><br>vs.<br><br>Does 1- 70,<br>                Defendants. | No. 2:13-00330 MJP-RSL<br><br>Doe Reply re Doe's Motion to Quash Subpoenas and Dismiss Does<br><br>NOTE ON MOTION CALENDAR:<br>Friday May 3, 2013 |

## Introductory Remarks

Plaintiff's attorney has filed three nearly identical cases in this court. They are:

Zambezia Film (PO), LLC., v. Does 1- 66
Civil Action No. 13-00308  MJP-RSL

Zambezia Film (Ptv), LLC., v. Does 1 – 70
Civil Action No. C13-00312 JLR-RSL

Zambezia Film (PO), LLC., v. Does 1- 66
Civil Action No. 13-00308  MJP-RSL

Defendants filed three identical Motions to Quash and Dismiss. Plaintiff filed three identical Responses. This reply to Plaintiff's response to Defendant Does' motions to Quash and Dismiss is identical in all three cases except for the case caption.

Various Defendant Does Reply re Motion to Quash and Dismiss, page 1
No. 2:13-00330 MJP-RSL

Law Offices of Gary Marshall
9706 4th Ave. N.E., Suite 320
Seattle, Washington 98115-2157
Tel: (206) 524-0655

## I. Reply

Most of the legal arguments are well set out already in the Motion to Quash and Dismiss and the Response. See also the court order in federal district court in Oregon, Voltage Pictures v. various John Does, 6:13-cv-290AA, 2:13-cv-292AA, and 1:13-cv-295AA, filed on April 10, 2013, apparently issued on the Court's own initiative, attached to Marshall's Second Declaration as Exhibit A.

**1. The Court should allow each individual John Doe to proceed anonymously.**

Plaintiff asserts that the various Doe defendants should have signed their declarations personally instead of by digital signature. If they had done so, they would have revealed their identity.

Plaintiff's suggestion that Defense counsel might have submitted declarations that were not reviewed and approved by the various Does is highly offensive and deserves no further comment.

**2. This Case Should be Severed and All But the First John Doe Defendant should be dismissed for Failure to Pay the Proper Filing Fees.**

Defendant Does are now aware of 2,479 Does named by the same plaintiff's attorney in forty-nine lawsuits. That translates to $865,900 in filing fees that should have been and have not been paid to the court. Marshall Second Declaration, paragraphs 4 and 5.

**3. Defendants Have Standing to Bring This Motion Because They Have Been Named and Their Legal Rights are Affected.**

A party has standing to challenge a subpoena issued to the third party when the party has a personal or proprietary interest in the information sought by the subpoena.

"A motion to quash, or for a protective order, should generally be made by the person from whom the documents or things are requested." *Washington v. Thurgood Marshall Academy*, 230 F.R.D. 18, 21 (D.D.C. 2005) (quoting 9A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2459 (2d ed. 1995)). "A party generally lacks standing to challenge a subpoena

Various Defendant Does Reply re Motion to Quash and Dismiss, page 2
No. 2:13-00330 MJP-RSL

Law Offices of Gary Marshall
9706 4th Ave. N.E., Suite 320
Seattle, Washington 98115-2157
Tel: (206) 524-0655

issued to a third party absent a claim of privilege, propriety interest, or personal interest in the subpoenaed matter." Id.; accord *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997)

The Does have a personal or proprietary interest in their address, phone number, email address, and the other identifying details sought by the Plaintiffs. Congress has recognized that ISP subscribers have a privacy interest in the personally identifying information kept by ISPs. 47 U.S.C. §551 requires that an ISP subscriber be notified and given a chance to intervene before his identifying information is released to the Plaintiff.

> 47 U.S.C. §551 (c) (2) A cable operator may disclose such information if the disclosure is—
>
> …
>
> (B) subject to subsection (h) of this section, made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed;

This process makes no sense if a subscriber lacks standing to bring any motions to prevent the release of his information.

**4. No Proof of Harm**

Plaintiffs asserts that they have suffered harm from copyright infringement. Plaintiffs further assert that thousands of Washington residents have downloaded their movie. Btu Plaintiffs offers no proof of these facts.

Even assuming that at least hundreds of people in Washington have downloaded Plaintiffs' movies, there is a serious question as to whether Plaintiffs have been harmed. How many of those people who downloaded the movie for free would have paid $15 for a copy of the movie if it were not available for free? We do not know. It is quite possible that none of them would have purchased the movie instead. There is no proof of harm,

Various Defendant Does Reply re Motion to Quash and Dismiss, page 3
No. 2:13-00330 MJP-RSL

Law Offices of Gary Marshall
9706 4th Ave. N.E., Suite 320
Seattle, Washington 98115-2157
Tel: (206) 524-0655

1    The Plaintiff's attorney is not interested in solving a copyright infringement problem. He is
2 interested in making money. He has now posted a blog at
3 http://frontierlawgroup.wordpress.com/2013/04/02/frequently-asked-questions/ where he makes his
4 intentions clear:

> 8. I WANT TO SETTLE.  WHAT DO I NEED TO DO?
>
> a. Request a settlement agreement from info@frontierlawgroup.net or call Paralegal Lorri Day at 253-234-7354.  You will then need to SIGN and DATE the Settlement and Release Agreement and Return it to Frontier Law Group along with settlement funds.
>
> You may make payment by cashiers check or money order (made out to Frontier Law Group, PLLC or request a form to pay by credit/debit card.
>
> Once we have received both 1) payment and 2) the signed settlement and release agreement, you will receive confirmation and The Plaintiff will drop your name from the lawsuit.

See Marshall's Second Declaration, paragraph 19 and Exhibit B.

Plaintiff's attorney also made his intentions clear to a reporter for KOMO 4 news:

> "It would probably be more expensive to go ahead and fight this rather than take a nominal settlement and just make this go away,"

See Marshall's Second Declaration, paragraph 20.

**5. Defense Counsel Marshall Declarations are valid**

Plaintiff has challenged the weight of the evidence contained in Defense Counsel Marshall's declarations. Without citing authority, Plaintiff states that the proper remedy is to disregard the declarations. Even if Mr. Marshall has overstepped his expertise, which defendants dispute, that is not the appropriate remedy.

Various Defendant Does Reply re Motion to Quash and Dismiss, page 4
No. 2:13-00330 MJP-RSL

Law Offices of Gary Marshall
9706 4th Ave. N.E., Suite 320
Seattle, Washington 98115-2157
Tel: (206) 524-0655

Mr. Marshall has been very clear in stating the basis for his statements. This is not a jury trial. The proper response is that the court is free to, and no doubt will, give the statements whatever weight it chooses.

Plaintiff alleges that Defense counsel's declaration is an extension of Defendant's motion to quash and as such should be counted in the page limit for motions. Plaintiff does not support this allegation with any reference to any particular part of Mr. Marshall's declaration. Without specific allegations, defendants can not respond to this allegation.

However, even if the allegation were true, the page limit would not be a problem. The various Doe's ask for relief of quashing the subpoenas and dismissing most of the Doe's. The page limit for a motion to dismiss is twenty four pages, LCR 7 (e) (3). .Defendant's motion was thirteen pages, twelve without the signature page, well below the page limit. If this court were to deem part of Mr. Marshall's declaration to be motion argument, that ruling would still not cause the Defendants' motion to exceed the page limit.

## II. Conclusion

The Internet is changing the rules by which all businesses must operate. The movie industry is no exception. But suing hundreds of thousands of possible movie downloaders and scaring them into quick settlements is not the way to adapt.

Dated this 3rd day of May, 2013

Law Offices of Gary Marshall

By __/s/ Gary K. Marshall_____
Gary K. Marshall
WSBA # 15344

Various Defendant Does Reply re Motion to Quash and Dismiss, page 5
No. 2:13-00330 MJP-RSL

Law Offices of Gary Marshall
9706 4th Ave. N.E., Suite 320
Seattle, Washington 98115-2157
Tel: (206) 524-0655

No. 2:13-00308  MJP-RSL
Attorneys for
John Doe with IP address 71.217.68.37

No. 2:13-00312JP-RSL
Attorneys for John Does with IP address
John Doe with IP address 97.126.124.186
John Doe with IP address 71.217.92.139
John Doe with IP address 71.217.91.41
John Doe with IP address 71.217.89.66
John Doe with IP address 97.126.112.240
John Doe with IP address 97.126.122.23
John Doe with IP address 97.126.115.11
John Doe with IP address 71.217.72.230

No. 2:13-00330  MJP-RSL
Attorneys for
John Doe with IP address 75.172.5.207

<u>Certificate of Service</u>

I hereby certify that on May 3, 2013, I electronically filed this document with the Clerk, of the Court using the CM/ECF electronic filing, which will provide notice to all counsel of record herein.

/s/ Gary K. Marshall_____
Gary K. Marshall,  WSBA # 15344
Attorneys for Defendant s

Various Defendant Does Reply re Motion to Quash and Dismiss, page 6
No. 2:13-00330 MJP-RSL

Law Offices of Gary Marshall
9706 4th Ave. N.E., Suite 320
Seattle, Washington 98115-2157
Tel: (206) 524-0655